**American Heating & Plumbing Corporation, Plaintiff in Error, v. William E. Salomon & Company, Defendant in Error.**

## Gen. No. 20,606.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1914. Reversed and judgment here. Opinion filed November 1, 1915.

## Statement of the Case.

The defendant, the general contractor for the building of the "Iris Theater" at No. 5743 West Chicago avenue in Chicago, on the 29th day of November, 1913, entered into a contract with plaintiff for the installing of a heating and ventilating plant in said "Iris Theater." The contract price was $2,700, which was to be paid, $1,000 "when boiler and radiators are delivered on the premises," a like amount "when steam is turned on plant," and the remainder "twenty days after plant is completed, tested and accepted by superintendents." The amount involved in this suit is the $1,000 payable "when steam is turned on plant." The defenses interposed are that plaintiff has neither complied with nor completed its contract; that no money is due plaintiff under the contract and that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

American Heating & Plumbing Corp. v. Salomon & Co., 195 Ill.
App. 297.

plaintiff has failed to comply with the mechanic's lien law of the State. The hearing was before the court, who found the issues for the defendant and entered a judgment of *nil capiat* and for costs against plaintiff, who brings this writ of error in an effort to reverse that judgment.

The first payment of $1,000 was made in accord with the contract without any question or dispute. The first contention of plaintiff is that the provision for the payment of the sum here demanded, "when steam is turned on plant," means, by interpretation, when steam is generated in the boiler, circulates through the steam mains and branches leading to the radiators, with steam in the radiators, and the plant is in operation. Plaintiff maintains that the term "when steam is turned on plant" is a trade term, having a significance known to the trade, which significance, under well-settled principles of law, is to be ascertained and followed as entering into the contract and as being presumably known to the parties at the time the contract was made. The parties introduced evidence of witnesses to sustain their respective contentions.

J. S. Dudley, for plaintiff in error; William R. Wiley, of counsel.

Francis E. Croarkin, for defendant in error.

Mr. Justice Holdom delivered the opinion of the court.

## Abstract of the Decision.

1. Evidence, § 361*—*when parol evidence admissible to show meaning of technical terms*. Parol evidence is admissible to show that certain words and phrases used in a contract have a known and established meaning among dealers engaged in the class of trade which is the subject of the contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.  APPEAL AND ERROR, § 1471*—*when admission of parol evidence not ground for reversal.* In an action on a written contract where both parties offer parol evidence as to the meaning given by the trade to a certain phrase, neither party can avail of any objection to such evidence on appeal.

3.  CONTRACTS, § 198*—*what interpretation to be given to trade term.* In an action on a contract for installing a heating and ventilating plant, a provision calling for the payment of a certain part of the contract price "when steam is turned on plant" is to be construed in accordance with the significance given to the term by the trade.

4.  CONTRACTS, § 198*—*how trade term construed.* The provision in a contract for installing a heating and ventilating plant that the second instalment of the purchase price shall be paid "when steam is turned on plant" is to be construed as meaning when steam is generated in the boiler, circulates through the steam mains and branches leading to the radiators, and the plant is in operation.

5.  CONTRACTS, § 246*—*when certificate not essential to payment of part of contract price.* If the contract makes no provision that a certificate of the superintendent, that the instalment of the contract price is due, shall be procured before the payment of the instalment, such a certificate is not prerequisite to a right to demand the payment of such instalment where the terms of the contract have been complied with and the work performed.

6.  MECHANICS' LIENS, § 61*—*when Act not applicable to subcontractor.* Section 5 of the Mechanic's Lien Act (J. & A. ¶ 7143) does not apply to subcontractors.

7.  MECHANICS' LIENS, § 66*—*when verified statement by subcontractor not necessary.* A request for a verified statement from a subcontractor under section 22 of the Mechanic's Lien Act (J. & A. ¶ 7160) comes too late when made after the subcontractor has abandoned the contract for the other party's breach, and letters thereafter written making such request are inadmissible.